Wood, J.
This suit is instituted under the provisions of section 13 of the act of the general assembly of this state, for tho appointment of a board of bank commissioners, and for the regulation of banks, etc., passed on February 25, 1839.
This section enacts that, “ if any banking institution in this state shall hereafter suspend the payment of its notes in gold and silver, it shall be the duty of the cashier, whenever any bill or bills shall be presented at tho counter of said bank, and the redemption thereof demanded in gold and silver, and the same be refused, to indorse such refusal and the date thereof, on the back of such bill or bills ; and if any cashier shall refuse to indorse any such bill or bills, according to the provisions of this act, such cashier shall forfeit and pay a fine of not less than five nor more than fifty dollars for every such bill so presented and refused, to be recovered before any court having jurisdiction, in the name of the State of Ohio, for the use of the person or persons aggrieved.”
This is a penal statute, and must be construed strictly; and.it *114 is, therefore, necessary all the circumstances should bo stated, which are provided to bring the cashier within its provisions, or the judgment can not be sustained. If there be a title to recover, defectively sot out, such defects are cured by the judgment; but if the title itself to recover, as spread forth in the declaration, be defective, the judgment should be reversed.
The law, then, provides that if any banking institution in this state shall hereafter suspend the payment of its notes in gold and silver, it shall be the duty of the cashier to indorse, etc. It is to guard against a general suspension, or the suspension of the payment of its notes generally by the bank, *that the act confers upon the holders of its bills the authority to require this indorsement, and inflicts the penalty for a non-compliance; it was never the intention of the law to give the penalty upon an isolated controversy between an officer of the bank and the bolder of a bill, which resulted in a demand of payment, and refusal to pay or indorse. Such a transaction would hardly be worthy of legislation- and the bill holder is left to his remedy, by action-, for the recovery of his debt. But to prevent a general suspension of the payment of its notes, which affects the whole community, the provision was made. Are, then, such facts set forth as bring the cashier within the spirit or meaning of this act ? If any banking institution shall suspend the payment of its notes, says the law. The pleader has not averred the suspension of the payment of its notes, ‘.but that the plaintiff below presented a single bill, and payment was refused. This averment is, in our view, insufficient to sustain this judgment, and it must bo reversed.
It has been suggested, also, that debt is not the proper remedy in this case, the penalty being uncertain, resting in the sound discretion of the court, between five and fifty dollars ; and, as a general rule, debt lies only for a sum certain. We think, however, that debt is the proper remedy, and it is within the knowledge of the court that debt has been frequently brought in analogous cases, and is given by express provision in some other cases precisely similar.
But a claim still more extraordinary is advanced by the counsel for the plaintiff in error. It is, that as the charter of the bank contains no requisition upon the cashier to indorso in such cases, the law imposing this additional obligation impairs the charter, and is unconstitutional. It would be useless to discuss that sub *115 jcct, in this case, any farther than to remark, that the charter of this institution provides that the legislature may, at any time thereafter, enact laws enforcing and regulating the recovery of the notes, bills, or debts, of which payment shall be refused, etc.; and the act, under which this suit was instituted, seems to be in direct pursuance of this provision. Judgment reversed.