[Hamilton County Circuit Court, January Term, 1894.]

Smith and Swing, JJ.

†The City of Cincinnati v. Charles J. Steadman, Trustee.

Charles J. Steadman, Trustee v. The City of Cincinnati.

1. Bill of Exceptions—The Ten Days' Limit in Presenting.

Where a bill of exceptions, taken on the overruling of a motion for a new trial, was duly presented to the opposite counsel, within the time prescribed by law, and was presented to the trial judge for allowance, one day before the expiration of the forty days (then allowed) from the date of the overruling of the motion for a new trial, and thereupon such judge, by indorsement upon the bill, extended the time for the signing thereof for the period of ten days beyond the expiration of said forty days, and signed the same within said ten days, and had an entry of the allowance thereof made upon the journal, and no objection was made or exception taken thereto by the opposite counsel, such bill of exceptions should not be stricken from the files for the sole reason that it was not presented for allowance to the trial judge not less than ten days before the expiration of said forty days—said provision being for the convenience of said trial judge, may be waived by him, especially so, if no exceptions be made, or exceptions taken thereto.

2. Nunc Pro Tunc Entry as to Exceptions.

Where no exception was taken to the action of the trial court, overruling a motion for a new trial, at the time the order was made, or in the entry upon the journal of said term, overruling such motion, or at any time in said term after the overruling of such motion, and all that was done by way of exception thereto, was, after the motion for a new trial was filed, to notify the judge in court that if the motion was overruled he desired an exception entered thereto, which the judge said should be done, but it was omitted, such exception was not properly taken, and it was error for the court at a subsequent term, to place on the journal of said term an entry *nunc pro tunc*, as of the day in a former term, at which the motions for a new trial were overruled, that the defendant then excepted thereto.

3. Attorney Fees as part of Damages for Breach of Contract to Deliver Valid Assessments to Contractor.

In an action brought against a municipal corporation, to recover damages on the cause of action set out in the petition, the substance and effect of which and of the answer thereto are hereinafter set forth, the plaintiff is not entitled to recover counsel fees paid by him in a former action, brought to recover the amount of assessments assigned to him by the city, and which he failed to collect.

Error to the court of common pleas of Hamilton county.

Smith, J.

The question whether the bill of exceptions, which was taken in the first named of these cases (No. 1586), can be considered by the court, or whether it should be stricken from the files as not having been taken in accordance with the provisions of the statute, is raised in two ways. In the first place, by a motion to strike it from the files, for the reason that it shows that it was presented to the trial judge for allowance, on the 10th day of May, 1893 (the motion for a new trial having been overruled April 1, 1893), which was only one day before the expiration of the forty days within which the bill of exceptions could properly be signed by the court (unless by consent), or unless the court by indorsement upon the bill extended the time for the signing thereof for a period not exceed-

---

* The judgment in this case was reversed by the Supreme Court; opinion, 53 O. S., 312. The circuit decision was followed, as to attorney fees, in Toledo v. Goulden, *post*, 445 ; it is also construed in Gates v. Toledo, 57 O. S., 105, 112, in which case counsel fees are denied.

ing ten days beyond the expiration of said forty days. In this case it appears from the bill itself that it was duly presented to the counsel for plaintiff below, within the time limited by the statute, and the only objection made to it is, that it was not presented to the trial judge not less than five days before the expiration of the forty days. It is to be noted that no objection appears in the record to the signing of the bill by the judge at the time it was done, or any exceptions taken at the time, to his doing so, but the question is now for the first time raised, whether the failure to present the bill to him at least five days before the expiration of the forty days, absolutely deprived him of the right to sign it, or at least from doing so without the consent of the adverse party appearing on the record to have been given to such signing.

The claim of the counsel for the defendant in error is based upon the decision of the supreme court in the case of *Pugh* v. *State*, 51 O. S., 116. In that case it was held, under a substantially similar statute, that where the bill is not presented to opposite counsel for examination not less than ten days before the expiration of said fifty days (in this case forty days), it is the duty of the judge, unless consent by the opposite counsel be given, to refuse to sign and allow the bill, and there it appeared on the record that such counsel did object at the time to the signing of the bill. In that case it further appeared that it was not presented to the judge for allowance until the last day of the fifty, and that he at the time, granted the extension of ten days, as he was authorized to do, if it had been presented to him five days before the expiration of the fifty days, but afterwards on the objection of the opposing counsel, declined to allow or sign the bill. While the supreme court held that the presentation of a bill to the opposing counsel within the time provided by the statute, was a condition to the power of the judge to sign the same unless it was waived by them, and therefore upheld the court in the refusal to sign the bill, yet it declined to pass upon the question whether if the bill had been duly presented to counsel, but not presented to the judge, at least five days before the expiration of the fifty, this might be waived by him, and he be authorized to sign the bill, as was done in the case at bar.

But we are of the opinion that he might do so, and especially so, if opposing counsel did not object to its being done. Both counsel and the judge himself might well object that a bill should be presented to him, at such time that he could not properly examine it, if the law did not authorize him to extend the time. But it does give him the right to extend it ten days beyond the fifty for his own convenience, and, we think, that it was not the intention of the law to allow him to do this only when it was presented to him five days before the expiration of the fifty, but as it is a provision for his own convenience that he may waive the default, and sign it before the expiration of the fifty days, or within the ten days, if he extends the time. We think that this conclusion is warranted by the holding in the Pugh case. For if counsel can waive the provision made for their benefit, we see no good reason why the judge cannot waive that made for his. And in view of the decision in the case of *Heddelston* v. *Hendricks*, 49 Ohio St., 297, we are of the opinion that when the journal entry made in the case, shows the signing and allowance of the bill of exceptions within the statutory time, and nothing appears to show that it was not submitted to counsel or the court as provided by the statute, or that there was any objection by counsel or court on this ground, that it should be conclusively held that all the requirements of the statute were complied with, or were duly and legally waived. This motion will therefore be overruled.

The next objection made to the consideration by the court of the bill of exceptions taken by the city on the overruling of the motions for a new trial, and which bill purports to contain all the evidence offered at the trial, arises on the petition in error filed by the plaintiff below in case No. 1628. It is presented in this way. In the journal entry of the action of court made April 1st, overruling the motions of defendant below for a new trial, no exception was entered to such

ruling of the court. At a subsequent term, application was made to the trial court on behalf of the city for a *nunc pro tunc* order, showing that an exception. *was* taken at the time, thereto. On that motion oral and written evidence was introduced, and this state of fact was shown. The case had been submitted to Judge OUTCALT, the intervention of a jury having been waived by the parties, and he rendered judgment for the plaintiff below, as shown by the record. Motions for a new trial were duly and properly filed on the grounds: (1st) that the judgment was against the evidence and the law; (2d) that the court erred in admitting and in excluding evidence, excepted to by the defendant, and (3d) in allowing attorney fees. to the plaintiff, and interest upon the amount recovered, from the date of the assessment.

It further appeared from the evidence shown by a bill of exceptions taken to the action of the court granting the *nunc pro tunc* order, that shortly after the filing of these motions for a new trial, Mr. Galvin, one of the counsel for the city, spoke to Judge OUTCALT, before whom the motions were to be heard, in open court, and not in the presence or hearing of opposing counsel, and said to him that if the motions were overruled, he wanted his exceptions thereto entered, and the judge said that it should be done. Immediately thereafter Mr. Galvin went to the desk of Mr. Hines, the deputy clerk in that room, and told him the same thing, and the clerk assured him that he would attend to it. The motions were called on the two Saturdays next succeeding their filing, but the corporation counsel being probably of the opinion that it would not avail them to argue the motions, did not appear, though counsel for plaintiff were present, prepared to resist the granting thereof. Nothing was done until a succeeding Saturday, which was the last day of the term, when counsel for the city not appearing, and counsel for the plaintiff being present, the court overruled the motions for a new trial, making at the time a memorandum on the motion docket of the overruling, and the date, and not noting thereon any exception thereto. Afterwards Mr. Hines made an entry of the overruling of the motions, from the judge's docket, but the entry did not show any exception to the ruling of the court. And in fact no exception was made by the corporation counsel at the time of the overruling of the motions, or thereafter, nor in any other manner than has before been stated. We think, too, that it appears that until the motion was so overruled by the court, on April 1st, there had been no statement or intimation by the trial judge as to what disposition would be made of the motions.

On this state of facts appearing, the court made an order *nunc pro tunc*, as of April 1st, showing an exception as having been made to the overruling of the motion, at the time it was done. An exception to this action was entered by the plaintiff below, and a bill of exceptions allowed, containing all of the evidence heard, and the question presented is whether this action of the court was legal and right.

We understand the office and purpose of a *nunc pro tunc* order to be, to bring on to the record some action of the court or of parties to a suit, actually taken or had in the progress of the cause, which should have been entered upon the journal or docket of the court, but which by mistake, or otherwise, was not so entered. In many cases, and in furtherance of justice, this may and should be done.

It seems to be the established doctrine in this state, however, that in cases where a party desires to take an appeal from the court of common pleas, to another court, and where the statute requires the notice of appeal to go upon the journal of the court at the term at which the decree appealed from was entered, that these provisions must be strictly complied with or the appeal must be dismissed. And this is so, although oral notice of the appeal is given in open court, and such notice is noted on his docket by the judge. And so, if an application for a second trial under the provisions of the statute formerly in force, which required the same entry upon the journal. See Wright's Rep., 495; 10 Ohio, 197, and 21 Ohio St., 637. And the omission to make such entry cannot be cured by

Cincinnati (City) v. Steadman.

the entry at a subsequent term, of a *nunc pro tunc* order, showing an entry of notice of appeal—(See cases above cited). And this for the reason, as we under-stand, that the provision of the statute is express, and the party, to entitle him-self to the appeal or second trial, must bring himself strictly within its provisions, it being somewhat of a jurisdictional question.

Whether the same rule would apply to the entry of an exception taken to the ruling of a court, may well be doubted. Section 5298, Revised Statutes, provides that "the party objecting to the decision must except at the time the decision is made." There is no express provision that this exception shall go upon the journal, but of course that is where it must appear. But while it is not necessary to a decision of this case, we should be inclined to hold, that if an exception to a decision was orally made at the time it was announced, or afterwards, before or at the time the decision was put upon the journal, and the court was notified of the exception, that the party would be entitled to have it noted upon the journal, and especially so, if such exception was also noted by the judge upon his docket. And if in such case, by mistake, the exception was not noted on the journal of the term, the court, at a subsequent term in furtherance of justice, might by a *nunc pro tunc* order show the exception as having been made at the time the decision was rendered or entered.

But that is not this case. There was not an exception taken when the decision was made or entered, or even at the term at which it was made after the decision was announced. Any attempted exception was made before the decision in question was announced or entered, and in our opinion did not comply with the statute or have any effect whatever. As well could a party notify the court at the commencement of the trial of a case that he excepted to all rulings during the progress thereof, that were adverse to him. One of the purposes of an exception is that the court may be advised at the time the ruling is made, that its correctness is questioned by the party, and if thought advisable by him, change his ruling. As no exception was in fact taken to this ruling, we think the court of common pleas erred in causing an entry to be placed upon its journal, showing what in fact never took place, and this order or judgment of the court must be reversed.

What is the effect of this holding upon the principal case? Does it prevent us from considering the bill of exceptions taken on the overruling of the motions for a new trial for any purpose? We think not—and that it only eliminates from the case the question whether the finding of the court was against the weight of the evidence. This question was presented by the motion for a new trial. When the motion was overruled, if the city desired to save this question, it should have excepted to the decision, for this was the only time the court had decided the question whether the judgment was against the evidence. But during the trial other questions as to the admissibility of evidence were ruled upon by the court adversely to the city, and those decisions were excepted to at the time, and were presented by the bill of exceptions, and the question of the correctness of those rulings is properly before us.

At the argument of the case, however, no mention was made of these questions in regard to the admission of evidence, and in our examination of the bill, we have seen nothing in the rulings of the court prejudicial in these respects to the rights of the city.

There is another question which seems to arise upon the face of the record, as to which we have grave doubts. The action of the plaintiff was substantially this: The petition averred that in July, 1885, the city of Cincinnati entered into a contract with one C. M. Steele to furnish the labor and materials and construct certain improvements in the city, viz.: Improving certain streets, by having sewers and drains therein, at certain prices fixed and agreed upon, and which, by the contract, the city was to furnish to the contractor a valid assessment upon, and which should legally bind the property assessable for such improvement under the laws of the state and ordinances of the city in relation thereto. That Steele

performed his contract. That ordinances were passed assessing a portion of the cost on abutting property, and such assessments, amounting to $71,200.82, were delivered to Steele in pursuance of the contract; that he collected a part thereof; but that in actions brought in the name of the city to collect the residue they were held to be invalid and not to be liens or binding on the property assessed, and he failed to collect $32,278.96 thereof. It was further alleged that the city was duly notified of the bringing of the actions to enforce said assessments and had full opportunity to assist in the prosecution thereof, and said Steele had paid about $2,500 in costs and attorney fees in attempting to enforce said assessments, for all of which the plaintiff then prayed for a judgment against the city with interest.

The answer of the city denied this last allegation as to attorney fees and costs, and set up other defenses to the action not necessary to be recited. The judgment of the court was for the full amount claimed, "of which $2,500 is for costs and attorneys' fees as claimed in the petition," as shown by the journal entry of the judgment. Was this right?

We are of the opinion, that in so far as it included in the judgment a finding for attorney fees paid by Steele in the former litigation, that it was not. We have not been referred to any decision of our supreme court upon the precise question, and have not been able to find any. It seems to us, however, to be the policy of our state, as a general rule, not to allow them to be computed as a part of the damages recoverable for the breach of an ordinary simple contract, though in some cases, as in suits on attachment or injunction bonds, if the attachment has been discharged or the injunction dissolved, the reasonable counsel fees incurred in having the attachment discharged or the injunction dissolved, may be included in the amount of damages awarded. 23 Ohio St., 264; Ib., 358. But we understand that these decisions are based on the provisions of the bonds themselves. There are other cases, as those for slander or libel, or where there is fraud, malice or insult alleged and proved, and in some cases where there is a breach of covenant in a deed in which they may be considered as an element of damage. 10 Ohio St., 277; 41 Ohio St., 100; 11 Ohio St., 130; 31 Ohio St., 574.

We are cited to the decision of the superior court in general term, 14 Law Bull., page 48, announced by Judge Force, in which, in a case similar to this, it was held that counsel fees should be allowed. It was conceded in that case by the court that there is no express warrant for this holding in any decision of our supreme court; but the case is likened to those decided in 11 Ohio St., 130, and 31 Ohio St., 574, which were all to recover damages for breach of covenants in deeds. It was further conceded by the court that by the decisions of the courts of New York, Massachusetts and Wisconsin, it is held, that where on an assignment of a chose in action, with a warranty of genuineness, it turns out on suit brought by the party to whom the assignment is made to recover the same, that it is not genuine, that in an action against the assignor to recover damages for the breach of the contract he can recover the *costs* paid by him, but not counsel fees. This principle seems to be directly applicable to the case at bar. And in the absence of any decision by the supreme court of this state on the point, we feel disposed to adopt it. If counsel fees are to be allowed as part of the damages in a case of this kind, where there has been no contract between the parties which provides therefor, we would not know where to draw the line, or say in what cases they should not be allowed, where a party had been involved in litigation, as a result of the breach by the other party of a contract between them. We think, therefore, that unless there be a *remittitur* of so much of the judgment as was given for counsel fees alone, it should be reversed.

*John Galvin, Ass't Corporation Counsel,* for the City.
*Healy & Brannon, contra.*